BOARD OF SUPERVISORS OF STARK COUNTY

*v.*

THE PEOPLE *ex rel.* Com'rs of Highways of Town of Essex.

*Filed at Ottawa September 24, 1884.*

1. MANDAMUS—*relator's right must appear.* In a proceeding by *mandamus*, it is essential, before the writ be awarded, that it be made to appear to the court that the relator has a clear legal right to have the thing done which is thereby sought.

2. BRIDGES—*right to demand county aid, by towns.* The board of supervisors of a county are not bound to make an appropriation to aid the commissioners of highways of a town, until "one-half the necessary funds have been provided by the town authorities." This is a condition precedent for the protection of the tax-payers of the county.

3. SAME—*of the provision by town for one-half the necessary funds.* A mere arrangement by the commissioners of highways, not sanctioned by a vote of the people of the town, under section 111 of the Road law of 1879, to borrow money with which to pay one-half of the cost of building a bridge, can not be regarded as legally providing for money to meet this kind of an

improvement, as they are under no legal obligation to consummate the arrangement, and it can not form the basis for an application to the county board for an appropriation of the other half of the cost of the bridge.

4. Under section 90 of the Road and Bridge act of 1879, there is no authority for borrowing money by the commissioners of highways for providing for one-half the cost of building a bridge, without a vote of the town, nor for requiring counties to pay one-half the expense of building bridges when private parties may be willing to pay the other half.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Stark county; the Hon. NINIAN M. LAWS, Judge, presiding.

Mr. B. F. THOMPSON, for the appellants:

The statute requires that one-half the necessary funds to build a bridge shall have been provided by the town authorities before applying for county aid. This has not been done. The county board has the right to investigate and determine whether the town has complied with the statute in providing for one-half of the necessary funds. *Board of Supervisors* v. *The People ex rel.* 12 Bradw. 210.

The commissioners of highways have no legal power to incur indebtedness for road and bridge purposes, in any fiscal year, beyond the amount of taxes already levied for that year. *Com'rs of Highways* v. *Newell,* 80 Ill. 587; *Brauns* v. *Town of Peoria,* 82 id. 11.

No arrangement to borrow the money, with or without authority, can be said to comply with the requirement of the statute. See cases above cited.

The relator must show a clear, undoubted right to the writ, or it will not be awarded. *The People ex rel.* v. *Village of Crotty,* 93 Ill. 180; *The People* v. *Glann,* 70 id. 232; *The People* v. *Ketchum,* 72 id. 212; *Railway Co.* v. *County Clerk,* 74 id. 27; *St. Clair County* v. *The People,* 85 id. 396; *The People* v. *Lieb,* 85 id. 484; *The People* v. *Town of Oldtown,* 88 id. 202; *The People* v. *Com'rs of Highways,* id. 141; *The People* v. *Klokke,* 92 id. 134; *The People* v. *Davis,* 93 id. 133;

*Lavalle* v. *Soucy*, 96 id. 467; *The People* v. *Hatch*, 33 id. 140; *Com'rs of Highways* v. *The People ex rel.* 66 id. 339.

Mr. Miles A. Fuller, for the relators:

On the presentation of a petition in accordance with the statute, it is the duty of the county board to make the necessary appropriation. There is no discretion. *The People ex rel.* v. *Board of Supervisors*, 100 Ill. 640.

Mr. Justice Scholfield delivered the opinion of the Court:

We held, in *The People ex rel.* v. *Supervisors*, 100 Ill. 640, that where the commissioners of highways of a town have determined that the construction of a bridge across any stream in their town, in a public highway, is necessary, and that the cost thereof is too great a burden to be reasonably borne by the town, and apply to the board of supervisors of the county for an appropriation for one-half of the cost of its construction, the town authorities having provided the other half, the board of supervisors have no discretion to refuse to make the appropriation, but are bound by law to make the same from the county treasury. But in a proceeding by *mandamus*, like the present, it is essential, before the writ shall be awarded, that it be made to appear to the court that the relator has a clear legal right to have the thing done which is thereby sought.

The board of supervisors are not bound to make the appropriation until "one-half the necessary funds have been provided for by the town authorities." (Laws of 1879, p. 281, sec. 110.) This is a condition precedent for the protection of the tax-payers of the county. Unless the public necessity is such that the town authorities are willing to incur the burden of one-half the expenses, the burden of the other half can not be imposed upon the tax-payers of the county. The town must first act, through its authorities, and provide for one-half the necessary funds,—*i. e.*, take such steps as shall

render it absolutely certain that they will be on hand to make payment for the construction of the bridge, when required. It can not, therefore, be sufficient that private individuals, instead of the town authorities, may be willing to assume one-half the burden of building the bridge. The county is not required to act, and its tax-payers can not be burdened with this character of expense because of the liberality of private parties, for this would be to entirely disregard the test question by which the public necessity for the work is to be determined,—namely, the willingness of the town authorities to incur one-half the expense. The proof here shows that the money was not on hand, that no tax had been levied from which it could be collected, and that no vote of the town was had, pursuant to section 111 of the act before referred to, authorizing the town to borrow the money. One of the commissioners of highways testified thus: "We had made arrangements to get the money to pay for the bridge,—made arrangements to borrow it of a bank, whenever we needed it,"—and this is all there is upon that question. Obviously, this arrangement could not bind the town, for the voters of the town had not authorized it; and if it was an arrangement of individuals, binding upon individuals only, it could not form the basis for fixing a liability upon the county. Moreover, a mere arrangement by individuals to borrow money, could not, in any view, be regarded as legally providing for money to meet this kind of an improvement. The individuals could be under no legal obligation to go forward and consummate the arrangement, so as to allow the town to have the money.

Counsel contend, however, that the arrangement proven was authorized by section 90 of the Road and Bridge act of 1879. But that section only authorizes parties interested to offer inducements "for the establishment, alteration, widening or vacation of roads, by entering into contracts with the commissioners, conditioned upon such establishment, alter-

ation, widening or vacating, to pay money, or any valuable thing, to the town, for the benefit of the road and bridge funds of the same, or to perform any labor, or to construct any road, bridge or culvert, on any road which said person or persons desire to have established, widened or altered." There is not the slightest authority there for borrowing money by commissioners of highways without being authorized by a vote of the town, nor for requiring counties to pay one-half the expense of constructing bridges where private parties may be willing to pay the other half.

Being of opinion that the relator did not show a clear legal right to the writ, it follows that, in our opinion, the court erred in awarding it, and for that error the judgment is reversed, and the cause remanded.

*Judgment reversed.*