## THE PEOPLE EX REL.

### v.

## BOARD OF SUPERVISORS OF MACON COUNTY.

MANDAMUS—BRIDGE ACT.—A petition for mandamus to compel the board of supervisors to make an appropriation in aid of the repairing of a bridge. The application for aid was made under section 19 of the Road and Bridge Act of 1883. On demurrer to the petition, *held*, that the petition shows a *prima facie* case for a mandamus; that the language used in section 19 does not clothe the board of supervisors with the right to determine conclusively whether the duty of making the appropriation asked has arisen. Distinguished from the case of People v. Dental Examiners, 110 Ill. 180.

ERROR to the Circuit Court of Macon county. Opinion filed February 25, 1886.

Mr. W. C. JOHNS, for plaintiff in error; that a proper state of facts appearing there is no discretion in the board of supervisors to refuse to make the ·appropriation, cited People v. Bd. of Supervisors, 100 Ill. 640; Town of New Boston v. Bd. of Supervisors, 110 Ill. 197; Bd. of Supervisors v. People, 110 Ill. 511.

The determination of the commissioners as to the necessity for the repair of the bridge and its cost, the kind of repairs to be made, and as to the major part of the money coming to their hands being necessary for the ordinary repair of the roads and bridges, is final, and establishes the existence of the facts as they have determined them to be: Bd. of Supervisors v. The People, 12 Bradwell, 210; The People v. Bd. of Supervisors,

100 Ill. 640; Town of New Boston v. Board, 110 Ill. 197, Board of Supervisors v. The People, 110 Ill. 511.

The statute under consideration should be construed liberally, because it is remedial :   Bd. of Supervisors v. Town of New Boston, 13 Bradwell, 274;   Potter's Dwarris, p. 231; Walcott v. Pond, 19 Conn. 597.

Mr. EDWARD P. VAIL, for defendants in error; that mandamus will not lie, cited People v. Jameson, 40 Ill. 93 ; People v. Dental Examiners, 110 Ill. 180 ; People v. Common Council, 78 N. Y. 33 ; Freeman v. Selectmen, 34 Conn. 406; Hoole v. Kinkead, 17 Nev. 217 ; Bailey v. Ewart, 52 Ia. 111 ; Benjamin v. Perkins, 55 Cal. 483 ; Hildreth v. Heath, 1 Bradwell, 83 ; U. S. v. Howard, 17 Howard, 225 ; People v. McCormick, 106 Ill. 184.

PLEASANTS, J.   This was a petition for mandamus to compel appellees to make an appropriation in aid of the repairing of a bridge over Sangamon river, in Decatur township, which the circuit court dismissed on demurrer ; and the question is whether it was sufficient in law. .

The application for aid was made under section 19 of the Road and Bridge Act of 1883, so much of which as is pertinent is as follows :

"When it is necessary to construct or repair any bridge over a stream, or any approach or approaches thereto, by means of an embankment or trestle work, on a public road, in any town, or on or near to or across a town line, in which work the town is wholly or in part responsible, and the cost of which will be more than twenty cents on the one hundred dollars on the latest assessment roll, and the levy of the road and bridge tax for that year in said town was for the full amount of sixty cents on each one hundred dollars allowed by law for the commissioners to raise, the major part of which is needed for the ordinary repair of roads and bridges, the commissioners may petition the county board for aid, and if the foregoing facts shall appear the county board shall appropriate from the county treasury a sum sufficient to meet one half

the expense of the said bridge or other work, on condition that the town asking aid shall furnish the other half of the required amount. * * * Provided, however, that before any bridge or approaches, as contemplated as above, shall be constructed or repaired under the provisions of this section, the commissioners shall make a careful estimate of the prob. able cost of the same and attach thereto their affidavits that the same is necessary and will not be more expensive than is needed for the purpose desired; and such estimate and affidavit shall be filed with the petition. "

The petition for the writ represents that the petition, estimate and affidavits therein set forth *in hæc verba*, were presented by the relators to the appellees at their annual meeting in September, 1885; that the statements therein contained were true; that there was then in the county treasury, not otherwise appropriated, a sum sufficient to pay the amount asked for; that they demanded the appropriation, and that the board refused to make it.

Appellees here admit—what appears on the face—that this petition properly averred every ma ter that is by said section made a condition of the appropriation, and that the estimate of cost and affidavits thereto attached and filed with said petition were in proper form; and the demurrer further admits that those statements were true in fact, and that they nevertheless refused the demand to make the appropriation, and yet they insist that relators are not entitled to a writ of mandamus nor to an answer to the petition for it.

This position rests wholly upon the phrase in the section above quoted " and if the foregoing facts shall appear."

It is claimed that this is a condition which makes the petition mere allegation; and requires evidence *aliunde* of the facts alleged, to the satisfaction of the county board; from which it follows and is claimed that if mandamus will lie in any case of this kind the petition for it here is fatally defective in not averring that such evidence was produced, and that the facts did thereby " appear" to the board; and further that the county board, having the right to require such evidence, and consequently to determine its sufficiency, must

also have the discretion to make or refuse the appropriation as it shall or shall not be satisfied by it; in short, that this section of the statute is not mandatory, but directory merely, and that therefore mandamus will not lie in any case.

From the premises assumed the conclusion is inevitable. If discretion is given its exercise in a particular way can not be compelled. The People, ex rel., v. Dental Examiners, 110 Ill. 180; Board of Supervisors of Will Co. v. The People ex rel., Ibid. 517; and the action of the board is final, for no provision is made for its review by appeal or otherwise.

Upon this view of the effect of the phrase in question, as is inferred from the argument here made, the circuit court sustained the demurrer. We do not concur in it. This section (19) is new and a substitute for the 110th of the act of 1879, which was as follows: "When it shall be necessary to construct or repair any bridge in any town, or to build a bridge over any stream between towns, or over streams on roads between towns in the same county, which would be an unreasonable burden to the same, the cost of which will be more than can be raised in one year by ordinary taxes for bridge purposes in such town or one of such towns, the commissioners of highways of either town desiring to build such bridge shall present a petition to the county board in which such town or towns is situated, praying for an appropriation from the county treasury to aid in the building, constructing and repairing of such bridge; and such county board shall, when one half of the necessary funds have been provided for by the town authorities of either or both such town or towns, appropriate the other half."

Under that section the county board was not bound to make the appropriation upon a petition of the commissioners of highways merely asking for it, without averring the necessary facts. These must not only have existed, but also "appeared" to the body called on to make it by reason of them. Thus, they were justified in refusing it where it was shown, on proceedings for a mandamus, that the provision for the other half of the expense had not been legally made by the town authorities, but only by private arrangement by the com-

missioners for the loan of it when needed. Board of Supervisors of Stark Co. v. The People ex rel., 110 Ill. 577. Yet it was also held that a petition for mandamus, setting forth a petition to the county board which properly averred all the facts indicated by the statute as conditions of the appropriation and a refusal of the demand thereon to make it, without showing the production of any other proof of these facts to the county board, was sufficient on demurrer. The People ex rel., v. The Board of Supervisors of Iroquois Co., 100 Ill. 640; Town of New Boston v. Supervisors, etc., 110 Id. 197.

Thus it is shown that under that section, although not in terms required, it was no less necessary than under the substitute now in force and the particular phrase therein relied on, that the facts should appear to the county board; yet the unsupported petition of the commissioners was sufficient, *prima facie*, as to all that were averred in it. In other words, that the facts did " appear" *prima facie*, by means of the petition alone, when therein properly averred.

It would seem that the phrase under consideration really made no change in the law, but only declared in terms what was before implied and still would be, without it. Section 110 of the act of 1879 imposed an imperative duty, upon the conditions or in the case therein specified, and mandamus would lie. Board of Supervisors of Will Co. v. The People ex rel., 110 Ill. 517, and cases *supra* and so, by parity of reasoning, does section 19 of the act of 1883. The clause in question invests the county board in such cases with no more discretion or right of final judgment as to the duty of making the appropriation, than is possessed by all parties charged with an imperative duty upon conditions or in a case prescribed. To all such parties the facts constituting the conditions or case upon which the duty arises must " appear." But they do appear, in the sense intended when they are set forth or presented—when information of them is given—to such party in the manner prescribed by the law imposing the duty, if any is so prescribed, or, if not, in any reasonable and effectual manner. Proof of them to his satisfaction is never required. He can make no issue upon such information, but

must act upon it and the demand to perform, by complying or refusing. Of course and necessity he must determine for himself, in the first instance, whether the information is in proper form or the facts stated really exist, but that is not such a discretion as bars a mandamus. If for any reason in his judgment he ought not to do the thing demanded he may refuse, but his judgment is not conclusive. He must submit to that of the court upon the proceeding for a mandamus. The issue is made, not upon the presentation of the facts or the demand to perform, but upon the petition for mandamus.

So here, consistently with the view that the statute is imperative and with the usual course in such cases, it contemplates no issue upon the petition to the county board. No notice to whom it may concern, of the intention to present it, is required to be given; no provision for answer thereto is made; no mode of trial is indicated; no tribunal for its determination assigned.

The conditions of the duty are certain facts specified, a petition presented with accompanying estimate and affidavits, and a demand of its performance. The means and mode of information to the county board of the conditions or case for its performance, is the petition with the accompanying papers in proper form. If they contain and present them they thereby do "appear" in the sense of the law. Thereupon the county board must act, by making the appropriation or refusing to make it. If they refuse, they must do so at the peril of their ability to justify it on the proceedings that may follow to compel them.

Just here is a principal fallacy in the argument, for appellees' counsel assume the only alternatives to be that the county board must have the power to determine conclusively the question of duty, or else it must at once comply with the demand of the commissioners to make the appropriation asked, and argue for the power, because, if not given, the board would be compelled, upon the mere averment of the commissioners, to appropriate $50,000 for half the cost of a bridge which it might know, and be able to prove, ought not to cost in all $5,000. This is a mistake. Upon our construction of the

statute the county treasury is not so exposed. Here, as in every case where an imperative duty is imposed upon conditions prescribed, the party charged may refuse to comply with any given demand to perform it, and take the judgment of a competent court, on proceedings for a mandamus, whether in the case presented he ought to comply, and the question here is whether, under this statute, this is such a case.

For the contention that it is for the county board and not for the court to decide the question of duty, counsel cite with great confidence the case of The People ex rel., v. Dental Examiners, 110 Ill. 180.

The purpose of the statute there involved, (Laws of 1881, p. 77,) as indicated by its title, was "to insure the better education of practitioners of dental surgery." It provided that the governor should appoint a board of five experts, "practicing dentists" whose duty it should be "to carry out the purposes and enforce the provisions thereof," and, to that end, that they should issue a license to practice dentistry to such persons desiring it as "they shall find," upon personal examination with reference to their knowledge and skill in dental surgery, "to possess the requisite qualifications," and without such examination, "to any regular graduate of any reputable dental college." The Supreme Court held that whether the college of which the applicant was a graduate was "reputable" was a question of fact which was by that act submitted to the decision of the board of dental examiners—"not in so many words, but by the plainest and most necessary implication"; that "this involved investigation, judgment and discretion," and therefore that mandamus would not lie to compel a decision in a particular manner. A single sentence set forth the argument for the implication stated, as follows: "Their action is to be predicated upon the existence of the requisite facts, and no other tribunal is authorized to investigate them, and of necessity, therefore, they must do so." In this sentence alone, considered apart from all else in the opinion, is found all the analogy that is claimed to exist between the two cases. It was quite enough to say of the board, the fact and the action of which the court was speaking. The action was

The People v. Board of Supervisors of Macon Co.

the granting or refusal of a license to practice a profession requiring special knowledge and skill; the fact on which it was to be predicated was the possession or the want of the requisite knowledge and skill on the part of the applicant, and the board was an official body of experts specially qualified and charged to ascertain the fact. They were to ascertain it actually, by personal examination as to one class of applicants, and presumptively as to another, by actually ascertaining the fact on which the law allowed the presumption. It is manifest from the whole act that the legislature depended on the judgment of this board alone as to the fitness of the applicant to be licensed, from the character of the examination passed in one case, and of the college whose diploma was to be its equivalent in the other." " No other tribunal was authorized to investigate it." But the county board sustains no such relation to town bridges. It has no special qualification. It is not authorized to determine the necessity of a bridge, or its kind or cost, or what portion of the road and bridge tax levied for a given year in any town is needed for the ordinary repair of roads and bridges. These are the material facts which constitute the condition of the appropriation, and the county board can not legally know them of its own knowledge. Another tribunal, the commissioners of highways, is authorized to investigate and determine them. They are presumed to know also—it is their duty to know—the existence and location of all public highways in their town or for the bridging of which it is wholly or in part responsible ; and it will not be claimed that the ascertainment of the remaining fact, that the levy of the road and bridge tax for the year in the town was for the full amount of sixty cents on the one hundred dollars, on the latest assessment roll, "involves investigation, judgment and discretion."

So the cases of the county board and dental examiners are quite unlike, except in the circumstances that the action of each " is to be predicated upon the existence of the requisite facts." But as has been seen, this was true of the county board under the act of 1879, and not made more so by the words "and if the foregoing facts shall appear" introduced

into that of 1883.    It is true in every case of imperative duty imposed.    Therefore, if that circumstance would give discretion and so bar mandamus this writ would never lie.

For the reasons above given we hold that the language in said section 19, here relied on by appellees, does not clothe them with the right to determine conclusively whether the duty of making the appropriation asked has arisen, that the petition herein shows a *prima facie* case for a mandamus, and that the circuit court erred in sustaining the demurrer thereto.

The judgment will therefore be reversed and the cause remanded for further proceedings in conformity with this opinion.

Reversed and remanded. .