## BOARD OF SUPERVISORS
### v.
## THE TOWNS OF CONDIT AND NEWCOMB.

*Bridges—County Aid—Mandamus—Scope of Inquiry—Joint Petition by Two Towns—Sec. 19, Chap. 121, R. S.—"Labor System."*

1. Upon a petition for mandamus to require the Board of Supervisors to appropriate half the cost of a bridge, the inquiry is not confined to the case made before the Board.

2. Two towns may jointly petition for county aid under Sec. 19, Chap. 121, R. S.

3. Towns which have adopted the "labor system," as to road taxes, may claim county aid under the statute, the levy contemplated by section 19 not being confined to a money levy.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Champaign County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. FRANCIS M. WRIGHT and J. W. SIM, for appellant.

Messrs. J. L. RAY and J. B. MANN, for appellees.

*Per Curiam.* This was a proceeding by mandamus, to compel the appellant to appropriate, from the county treasury, one-half the cost of a bridge constructed by the appellees, the towns of Condit and Newcomb, across the Sangamon River. There was an answer to the petition and the case was tried by the court, and issues found for the appellees, and judgment awarding a peremptory writ of mandamus as prayed, with costs. The record is brought here by appeal, and error assigned upon the various rulings of the court.

It will not be necessary to refer in detail to all the points as they are made in the argument.

The proceeding is by virtue of Sec. 19, Ch. 121, R. S., and the first position taken by the appellants is as to the true con-

struction of the phrase, " if the foregoing facts shall appear." etc. It is contended that the inquiry in the present case must be confined to the case as made before the Board of Supervisors; that the duty of the Board was to investigate and determine whether the facts, as stated, did " appear," and if not so appearing, in the judgment of the Board, then it might lawfully refuse the relief.

It would follow that, conceding this position to be well taken, *damages* would not lie. We had occasion to consider this point in the case of The People, etc., ex rel., etc., v. The Board of Supervisors of Macon County, 19 Ill. App. 264, and we there arrived at a conclusion adverse to the view suggested by counsel in the present case. The reasons for that conclusion were stated quite fully, and it is unnecessary to do more than refer to the opinion filed in that case.

It is urged that two towns can not jointly petition for county aid under Sec. 19. We held otherwise in Board, etc., v. The People, etc., 17 Ill. App. 49, and the ruling was affirmed by the Supreme Court.

The next proposition which we will notice is that, as the town of Newcomb had adopted the " labor system " as to road taxes, and had not made a levy of 60 cents on the $100, it was not in a position to avail itself of Sec. 19, which makes it one of the conditions of granting county aid that " the levy of the road and bridge tax for that year in said town was for the full amount of 60 cents on the $100, allowed by law for the commissioners to raise." This town had, pursuant to Sec. 80, adopted the " labor system " as to road taxes, and had made a levy of 25 cents on the $100 for road purposes, to be paid in labor. It had also made a levy of 40 cents on the $100 for bridge purposes, payable in money, so that there was a total levy of 65 cents on the $100 for road and bridge purposes, though it was not all payable in money.

If the argument of appellant is well founded the result is that Sec. 19 is not operative as to those towns which have adopted the labor system as to ward taxes. It does not appear from the reading of that section that it was disagreed to be limited to a particular class of towns, and the argument

rests upon the assumption that the only levy here contemplated is a money levy. This does not necessarily appear from the language used and we would not be justified in so construing it when the effect would be to deprive many and possibly the majority of towns, of the benefit of the section.

The spirit and intent of the act would lead to the opposite construction. We are disposed to agree with the Circuit Court upon this point and hold that the town of Newcomb was, on the facts stated, within the purview of the law, in this respect.

As to the various questions of fact discussed in the argument, we are of opinion there was enough evidence to support the finding of the court. If the questions of law were properly solved the conclusion reached was correct. We find no error in the record and the judgment will be affirmed.

*Judgment affirmed.*