THE PEOPLE EX REL. PETER GREENWOOD ET AL., COM-
MISSIONERS OF HIGHWAYS,

v.

THE BOARD OF SUPERVISORS.

Mandamus *to Compel Board of Supervisors to Aid in Building Bridge —Action of Commissioners of Highways—Parol Evidence, Inadmissible to Prove—Special Venire—Presumption of Regularity of Judicial Proceedings—Costs.*

1. Commissioners of Highways are required by statute to keep a correct record of their proceedings at all meetings.

2. Upon the petition of the people on the relation of a Board of Commissioners of Highways for a writ of *mandamus* to compel the County Board of Supervisors to make an appropriation to aid in building a bridge, it is *held:* That parol evidence of the action of the Commissioners in reference to the building of the bridge in question, is inadmissible; that their official actions can only be proved by the record; that the petition to the County Board shows on its face that the relators had not provided one-half of the estimated cost of the bridge; that, as the court below ordered a special venire for a jury, it will be presumed that the contingency existed which would authorize such order; and that the judgment should have awarded costs against the relators in their official capacity, instead of against the people.

[Opinion filed June 7, 1887.]

IN ERROR to the Circuit Court of Madison County; the Hon. AMOS WATTS, Judge, presiding.

The plaintiffs in error filed their petition in the Circuit Court of Madison County on the 2d day of October, 1883, for a writ of *mandamus* to compel the defendants in error to make an appropriation of $1,500, in addition to $1,000 which had been appropriated by the County Board, to aid in building a bridge over Wood River in their township. A demurrer was sustained to the answer to the petition and the writ awarded, and the case brought to this court at the February term, A. D. 1885, when the judgment of the Circuit Court was reversed and the cause remanded on the ground that the demurrer should have been carried back and sustained to the petition.

The opinion of this court is reported in 16 Ill. App. 305, where the substance of the original petition is set out.

Upon the cause being redocketed in the Circuit Court the plaintiffs in error amended their petition by stating that before they presented the said petition to the defendants in error the relators had determined it was necessary to build such bridge and that the same would be an unreasonable burden upon the town and more than could be raised by one year's ordinary taxes for bridge purposes, such amount being only about $3,200, and that they had levied and assessed a tax upon the taxable property of said town to the fullest extent allowed by

law for road and bridge purposes, and provided $2,500, one-half of the necessary funds for the estimated cost of the construction of the bridge. For further amendment the petitioners averred that upon the presentation of the petition to the defendants in error they investigated and inquired into the facts and were advised and well knew of the existence of the facts above stated, of the action of the relators, and yet on'y appropriated $1,000. Further, that such petition to the respondents was presented in good faith for the purpose of obtaining aid according to the statute, and that the facts set forth in the petition to the Board and in this petition for the writ of *mandamus*, are true in substance and in fact.

A general demurrer to the petition having been overruled, the respondent filed five pleas: the first tendering issue upon the averment that the town had provided one-half of the necessary funds for the construction of said bridge; the second averring that the petition presented to respondent did not show that the town had not provided the funds; the third tendered issue upon the allegation that the relators had determined that the cost of building the bridge would be an unreasonable burden upon the town and averring that it would not be so; the fourth alleged that the respondents, upon investigating the facts of the petition, and finding that the town had not provided one-half the funds, refused to grant said sum of $2,500, but the relators still insisting upon aid in that sum, the Board, to avoid litigation, gave them $1,000, upon the condition and understanding that it was to be in full payment and settlement of all claims, to aid in constructing said bridge; the fifth tendered issue upon the averment that the respondents found that the relators had complied with the law and averred that the finding was to the contrary.

Issues were formed upon these pleas, except the second, to which a demurrer was sustained, and upon the trial, the jury, under the direction of the court, returned a verdict for the respondents, and the petitioners bring the record here. On the trial the relators offered in evidence their record of a meeting held August 19, 1882, as follows:

"The amount of taxes for 1882 was fixed at 40 cents for

bridges and 20 cents for roads, as per former action of the Board—the estimate for bridge purposes being as follows:

For making and repairing bridges, $6,040; payment of damages on new roads, $659; tools, implements, etc., $300; material for building and repairing roads and bridges, $400; pay of overseers, $750; total, $8,141. Moved to petition the county for aid in building bridge over Wood River near Milton. Carried."

They then introduced the Town Clerk as a witness and offered to show by him that at such meeting the Commissioners, the relators, had determined to build the bridge in question; that it was necessary and an unreasonable burden upon the town, and that a tax was levied for the purpose of providing one-half the estimated cost of the bridge and that its estimated cost was $5,000.

This proposed testimony was objected to and excluded by the court and exception duly taken.

Mr. ALEXANDER W. HOPE, for plaintiff in error.

The court erred in refusing to allow evidence *aliunde* the record of the Commissioners of Highways to show acts of Commissioners in regard to building the bridge over Wood River in said town. Parol evidence was not receivable to contradict the facts stated on the record, but parol evidence was admissible to show facts omitted to be stated on the record, unless the statute expressly requires all matters to appear of record and makes the record the only evidence. Dillon on Municipal Corp. (2d Ed.). Vol. 1, Secs. 237, 238, pp. 350, 352; Bank v. Dandridge, 12 Wheat. 64; Westerhaven v. Clive, 5 Ohio, 310; People v. Adams, 9 Wend. 333; Van Wormer v. Mayer, 18 Wend. 179; Stevenson v. Bay City, 26 Mich. 44; Blanchard v. Bissell, 11 Ohio, 96; McManus v. McDonough, 107 Ill. 95.

The foregoing authorities establish the following propositions:

First. That parol evidence is not admissible to contradict facts stated on the record, but parol evidence is admissible to show facts omitted to be stated on the record.

Second. That although the law requires a record to be kept, yet, in the absence of a record, the acts of the corporation can be shown by parol evidence, the test being whether the evidence was the best the case in its nature admitted of, and left nothing behind in possession and control of the party higher than secondary evidence.

Third. That when the records of a corporation are so carelessly and imperfectly kept as not to show the resolution or acts of the City Council, and there is no written evidence in existence, parol evidence will be admitted.

Fourth. Unless the statute creating the corporation expressly and imperatively requires all matters to appear of record and makes the record the only evidence of the acts of the corporation, the direction to keep a record of their proceedings by the statute will be regarded as only " directory," which means that the statute gives directions which ought to be followed, but does not limit the power in respect to which the directions are given, which power can as well be exercised by not observing the directions as by observing them.

Cooley on Constitutional Limitations (5th Ed.), p. 92, after reviewing the authorities upon mandatory and directory statutes, says: " Those directions which are not the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by a failure to obey which the rights of those interested will not be prejudiced, are commonly not to be regarded as mandatory; and if the act is performed, but not in the time or precise mode indicated, it may still be sufficient if that which is done accomplishes the substantial purpose of the statute."

In McManus v. McDonough, 107 Ill. 105, the court say: " That provision [of the statute] may be regarded as directory unless its omission can be seen to have defeated the purpose of the Legislature and produced the wrong intended to be suppressed by the enactment."

Messrs. DALE & BRADSHAW and GEORGE F. McNULTY, for defendant in error.

The right of the party claiming the writ of *mandamus* must

be clear and certain, absolute and positive, perfect and complete. This right must be clearly established. High Ex. Legal Rem., Secs. 9–550; People v. Solomon, 46 Ill. 333; S. & I. S. E. Co. v. County Clerk, 74 Ill. 27; County v. People, 85 Ill. 396; People v. Village of Crotty, 93 Ill. 180; People v. Davis, 93 Ill. 133; Board of Supervisors v. People, 110 Ill. 577.

Every material fact necessary to show the plain duty of the respondent to act in the premises must be set forth by the party seeking to compel the performance of the act, and in this case every material fact must appear in the petition of the Highway Commissioners to the County Board, and the action of the Board is rightly based on the facts stated in the petition presented to them. Hall v. People, 57 Ill. 307, 316; People v. City Council of Elgin, 66 Ill. 507; People v. Village of Crotty, 93 Ill. 180; Board of Supervisors v. People, 16 Ill. App. 305.

Where the statute provides that a municipal corporation shall keep correct minutes of its proceedings, its corporate acts can only be shown by such records. Oral evidence is not sufficient. In this case the action of the Commissioners being in issue had to be proved. Dillon, Mun. Corp., Vol. 1, Secs. 229–247–237 and 238; McHaney v. County, 77 Ill. 488; Spangler v. Jacoby, 14 Ill. 297; Steckart v. East Saginaw, 22 Mich. 104; Stevenson v. Bay City, 26 Mich. 44; Mayhew v. District Gay Head, 13 Allen, 129; Morrison v. Lawrence, 98 Mass. 219; Hunneman v. Fire District, 37 Vt. 40; Louisville v. McKegney, 7 Bush. 652; The Board v. Chitwood, 8 Ind. 504; Jordan v. School Directors, 38 Me. 169.

The court did not err in denying the motion to quash the array of jurors. A court has a right to order a special venire. Stone v. People, 2 Scam. 326; Blemer v. People, 76 Ill. 265, 270; Mackin v. People, 115 Ill. 312.

PILLSBURY, J. It is conceded that if the court was right in excluding the oral testimony to prove the action of the Commissioners of Highways, there was no error in directing the jury to return a verdict for the respondents.

Before the Commissioners of Highways can demand aid from

the county to build a bridge, they must primarily find and determine that certain facts, jurisdictional in their nature, exist in the given case.    These facts are:

1st.    That a bridge is necessary.

2d.    That its construction would be an unreasonable burden upon the town.

3d.    That its cost will be more than can be raised in one year by ordinary taxes for bridge purposes.

After determining these preliminary propositions, and providing one-half of the necessary funds for the construction of the bridge, they may call upon the County Board to appropriate the other half.

There was no record evidence offered that the relators in this cause ever determined to build the bridge in question, or that any of the conditions existed that would authorize it, under Sec. 110 of the Road and Bridge Act, to apply for county aid; but it is insisted that record evidence is not indispensable to establish the finding of the Commissioners in this regard, but that the same may be shown by oral testimony in the absence of a record of their actions.    It was held in Town of Rutland v. Town of Dayton, 60 Ill. 58, that Commissioners of Highways were, under the statute, a *quasi* corporation; and in Board of Supervisors v. The People, 110 Ill. 511, it is said: "While Commissioners of Highways are corporate bodies, whose powers and jurisdiction are limited territorially to the respective townships to which they belong, yet they are a part of the machinery of the county and State government, and as such, under certain contingencies, are required to act in concert with the county authorities proper, in the building and maintaining of bridges within their respective jurisdictions.    As such corporation they can only act as a body, and not as individuals, so as to bind the body. McManus v. McDonough, 107 Ill. 95.

Section 13 of the Road and Bridge Act then in force provided that "The Commissioners of Highways of each town shall meet on the second Tuesday after the annual town meeting, in each year, at the Town Clerk's office, and afterward at such other times and places as they shall think proper.

The People v. Board of Supervisors.

Said Commissioners shall keep a correct record of their proceedings at all meetings."

It is seen from this section that the business intrusted to them is to be done at regular or special meetings of the Board, and that their action upon public measures pending before them is to be made a matter of record. It was undoubtedly the object of the Legislature in requiring a record to be kept, that the orders and proceedings of the Commissioners affecting the public interests shou'd be placed beyond all cavil or dispute; that there should be direct and lasting evidence thereof, and that all could see and know what had been done without resorting to the interpretation of themselves or of the Town Clerk. The Law of 1874 did not require this record, and the confusion and uncertainty regarding public affairs arising from the failure of the Commissioners to keep a record of their proceedings, led to this legislative declaration that a correct record *shall* be kept.

When it is remembered that by their determination of certain facts and conditions existing, they can call upon the County Board to open the doors of the county treasury and give the town aid, it may be, to the extent of many thousands of dollars, the evidence that such great power has been exercised in conformity to the statute conferring it, should not rest in the recollection of the clerk or any other witness. The County Board has the right to know that the facts have been considered in a meeting of the Commissioners and determined by them as conditions precedent to the right given by statute to ask for county aid. The duty to keep such record is declared by the act in as positive and imperative terms as is the duty imposed upon the County Board to make the appropriation demanded, and both, as we think, should receive the same construction. The statute having provided for perpetuating the evidence of the proceedings of the Commissioners, and imposing the imperative duty upon them to adopt and use the method prescribed, we are all agreed that they are limited in proving their official acts to the record they have made, and can not, in a collateral proceeding, add to or supplement the record by oral testimony of their business transactions had at

their meetings.   To allow this to be done would destroy that certainty and permanence in the proof of official action which is so much to be desired for the security of the public interests, and which was sought to be obtained by the enactment of the clause of the statute under consideration.

While there is some conflict in the adjudications of the courts upon the question whether parol testimony is admissi-, ble to establish the action of like bodies in the absence of a record, we are inclined to think that the greater weight of authority, as well as the better reason, favors the view we have taken.   We refer to a few of the cases thus holding: Mayhew v. District of Gay Head, 13 Allen, 113; Morrison, adm'r, v. City of Lawrence, 98 Mass. 219; Louisville v. Mc-Kegney, 7 Bush. 652; Board v. Chetwood, 8 Ind. 584; Jordan v. School District, 38 Me. 169; Steveson v. Bay City, 26 Mich. 44.   Under these authorities we think the court committed no error in excluding the parol evidence offered to establish facts which ought to have been made matters of record.

Aside from this consideration, the petition to the County Board, which is made a part of the petition herein, shows upon its face that the relators had not provided one-half of the estimated cost of the bridge, as the amount that could be raised by taxation was but about $3,200, of which not less than $1,000 must be used for other purposes, and the petition for the writ in this case alleges that the facts stated in the former are true in substance and in fact.

If this averment be true, and it must so be treated as against the petitioners, it is clear that they had not complied with the statute so as to entitle them to a *mandamus*, under the authority of the Board of Supervisors.   Board of Supervisors v. People, etc., 110 Ill. 577. ·

The only evidence appearing in the record that was heard upon the motion to quash the array of jurors, was the statement of the clerk, accepted as testimony by the parties, that "upon an order of the Circuit Court, Judge W. H. Snyder, last Wednesday, ordering me to issue a special venire for twenty-four men.   Upon that order I issued the venire to the

sheriff." There is nothing in this statement of the clerk that would destroy the presumption that the contingency provided for in Sec. 12, Ch. 78, R. S., existed, which authorizes the Circuit Court to order a special venire for a jury. Every presumption is to be indulged in favor of the regularity of the action of the court, and until error is made manifest by the record its action will be sustained. Mackin v. The People, 115 Ill. 312; Blemer v. The People, 76 Ill. 265. These cases are decisive of the point here urged in the present state of this record.

We perceive no error in the rulings of the court upon the issues made by the pleadings. The judgment is, however, erroneous in awarding costs against the people and ordering execution to issue therefor. The judgment will be affirmed and relators, in their official capacity, required to pay the costs.

*Affirmed.*