THE PEOPLE *ex rel.* Julian S. Rumsey, Collector, etc.

*v.*

ASAHEL EMIGH.

*Filed at Ottawa November 10, 1881.*

1. APPEAL—*duty of appellant to file transcript.* It is the duty of the appellant who takes an appeal from the county to the circuit court, to perfect the same by having a transcript of the record in the county court filed in the circuit court, and failing to do so he is in default, and liable to have his appeal dismissed.

2. SAME—*dismissal of suit on appeal, for want of prosecution.* A defendant, while in default in causing a transcript of the record to be filed in the appellate court, on his appeal, has no right to claim a default against the plaintiff, and have the suit dismissed for want of prosecution.

3. COSTS—*judgment can not be against one not a party.* In a suit by a collector for judgment against property for taxes, on appeal to the circuit court, it is error on the dismissal of the suit to render judgment against the county for costs.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. W. K. McALLISTER, Judge, presiding.

Mr. CONSIDER H. WILLETT, for the plaintiff in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The proceeding out of which the question arises in this case, was an application by the county collector for judgment for the taxes for 1871. The county court having rendered a judgment therefor, an appeal was prosecuted to the circuit court, and an appeal bond filed therein. On the 15th of May, 1874, the appeal was dismissed for want of prosecution, at defendant's costs. He subsequently procured the order to be set aside, and the cause reinstated on the docket. The appeal was again dismissed, for the same cause, at the May term, 1877, and by stipulation the order was set aside and the cause reinstated on the docket, by order of the court, at the same term. On the 16th day of

April, 1878, the cause being reached for trial, and no one appearing for plaintiff, the cause was dismissed, on the motion of defendant, for want of prosecution, at the costs of the county. The cause was docketed, "The People of the State of Illinois *ex rel.* etc. *v.* Asahel Emigh."

An examination of the transcript filed in this court fails to show that any transcript of the judgment and proceedings in the county court was ever filed in the circuit court, or any stipulation as to its contents, or other matter upon which the circuit court could act; nor do we find that it is shown or claimed there were any taxes claimed to have been due the county, for which judgment was sought. When the case was reached on the docket, there was nothing in the record for the court to try. Defendant in error had prayed an appeal, and it was his duty to have perfected it by having a transcript of the county court filed in the circuit court, and failing to do so he was in default, and liable to have his appeal dismissed unless he had filed or caused to be filed such a transcript. Whilst he was so in default he had no right to claim a default against plaintiff. It was not bound to act while the defendant was in default. On reaching the case, the court should have dismissed the appeal instead of the suit.

Again, there is nothing to show that the county was a party to, was interested in, or in any manner connected with, the suit. It was not docketed in the name of the county, either as plaintiff or defendant. There is nothing in the record from which it can be inferred that the county claimed anything by the suit. Then why dismiss the suit at the costs of Cook county, and render a judgment against it for the recovery of costs? We are unable to perceive the slightest ground to sustain the judgment.

This view of the case renders it unnecessary to determine whether a judgment can be rendered against a county under the 17th section of the Costs act, and the 34th section of the

act in relation to counties, which may seem to conflict. We therefore refrain from the discussion of those sections.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*