### COUNTY OF CHRISTIAN
### v.
### CHARLES V. ROCKWELL.

*Paupers—Medical Services—Emergency—Action against County—Recovery—Costs.*

1. Where a physician has rendered necessary services, in an emergency, to a minor whose mother is dead and whose father is idle and worthless and does not provide for his children, he may, in the first instance, maintain an action against the county for such part of his bill as the county is liable to pay, although he has property sufficient to pay part of the bill.

2. When a county is sued as defendant it is within the terms of Sec. 7, Chap. 33, R. S., and judgment may be rendered against it for costs.

[Opinion filed February 17, 1887.]

County of Christian v. Rockwell.

IN ERROR to the Circuit Court of Christian County; the Hon. J. J. PHILLIPS, Judge, presiding.

Mr. JOHN G. DRENNAN, State's Attorney, for plaintiff in error.

The court certainly erred in rendering judgment against the defendant for costs.    Sec. 17, Chap. 33, R. S.; People v. Coulters, 9 Ill. App. 39; Cumberland County v. Edwards, 76 Ill. 545.

Mr. W. M. PROVINE, for defendant in error.

WALL, J.    This was an action in assumpsit against the County of Christian to recover pay for professional services rendered by the plaintiff as surgeon to one Robert Watts, an alleged pauper.    The case was tried by the court, a jury being waived, and there was a judgment for plaintiff for $50 and costs, from which an appeal is prosecuted by the county.

It appeared in evidence that the alleged pauper was a boy aged about eleven years old who had been seriously injured by the accidental discharge of a gun.    His mother was dead and his father an idle, worthless person wholly without means, had neglected to provide for him, and for a considerable time he had been without a fixed home, going from one place to another and dependent upon charity for his support.

When the accident occurred he was near the house of one Wright, a farmer, by whom he was cared for, and who sent for the plaintiff.    It was found that to save the boy's life it was necessary to amputate the injured leg, and it was important that this should be done promptly.

There was no time to apply for aid to any county official nor was there any attempt to do so, but the operation was performed without delay and with such skill that a rapid recovery ensued.    This service was worth $125.    The boy had no property except an undivided interest in a small tract of land, which interest was worth about $75.    It is clear that if he had been wholly without property he would have been a proper subject for county support and that the emergency was such as

to warrant immediate action of the plaintiff without waiting to confer with county officials.   Ch. 107, Secs. 14, 23 and 24, R. S.; Seagraves v. City of Alton, 13 Ill. 366, 371; Board of Supervisors v. Reynolds, 49 Ill. 186; Perry County v. City of Du Quoin, 99 Ill. 479.

It is urged, however, that as the boy had a property interest worth $75, he was not within the provision of the law. His estate was inadequate to supply his necessities.

Suppose he had but $5 worth of property, would it be said that he was thereby deprived of the protection of the law? Manifestly he was *pro tanto* within the statute.   Then was it necessary for the plaintiff to exhaust the estate before presenting his demand against the county?   We think not, and that it was competent for him to sue the county in the first instance, and recover such proportion of his claim as the county would in the end be liable to pay.   The allowance made by the court was justified by the proof in the case.

It is objected that it was error to render a judgment against the county for costs.   The section cited in support of this proposition, Sec. 17, Ch. 33, and the case referred to in the same connection, would be in point if this were an action in which the county sues as plaintiff.

Where, however, the county is sued as defendant it is within the terms of Sec. 7, and if the plaintiff recovers his debt or damages, he will also recover costs of suit.

The judgment will be affirmed.

*Judgment affirmed.*