## Patrick Ward

v.

## The City of Alton and the County of Madison.

*Foreclosure of Tax Liens—Authority of County Board—Statutes—Cost —County, not Liable.*

1. The State's Attorney is the proper officer to file the bill to foreclose a tax lien under Sec. 253, Chap. 120, R. S. But the County Board also has the authority to institute proceedings to enforce such lien.

2. Whether such a proceeding is instituted by the State's Attorney or the County Board, it must be in the name of the people of the State of Illinois. If it is unsuccessful, neither the people nor the county can be required to pay costs.

3. The county, when acting as a public agency of the State in commencing proceedings for the collection of the general and local taxes assessed in the name of the people of the State of Illinois, is within Sec. 17, Chap. 33, R. S., and is not liable for costs.

4. In the case presented, it is *held:* That the County Board did not order the commencement of the proceedings in which the plaintiff, as clerk of the court, claims costs; that the resolution of the Board was a mere request to the Common Council of the City of Alton to commence said proceedings; and that the commencement thereof must rest upon the statutory authority of the State's Attorney alone.

[Opinion filed June 7, 1887.]

Appeal from the Circuit Court of Madison County; the Hon. William H. Snyder, Judge, presiding.

The declaration in this case was filed by the appellant against the appellees jointly, and contained the common counts

only, and upon a sale being entered for that purpose the plaintiff filed a bill of particulars referring to certain fee bills attached thereto, and proceeds to state that on June 13, 1882, the Board of Supervisors of said Madison County adopted a resolution as follows:

"June, 13, 1882.

"The following resolution was offered by Mr. Gillham:

"' *Whereas*, there is in the City of Alton considerable real estate upon which the taxes have not been paid for years, and which, at the last tax sale, was again forfeited to the State, and which property should be made to bear its due share of the burdens of taxation; and

"' *Whereas*, the largest portion of said taxes is due to the City of Alton: Therefore, be it resolved, that the Common Council of said city be and is hereby earnestly requested to proceed at once and have said taxes collected by foreclosure of the tax lien on said real estate, and that the expenses of such foreclosure and collection be jointly borne by the county and city according to their respective interests in such taxes.

S. B. GILLHAM.'

"On motion the rules were suspended and the above resolution adopted."

That afterward, on the 13th day of June, 1882, the City Council of Alton adopted the following resolution:

"June 13, 1882.

"Mr. Weigler offered the following resolution, which was adopted:

"*Whereas*, there is in the City of Alton considerable real estate upon which the taxes have not been paid for years, and it is right and proper that the real estate should bear the same burden as other property in the City of Alton; and

"*Whereas*, at the last tax sale the property was again forfeited to the State; and

"*Whereas*, it is desirous that the taxes on the delinquent lands be collected as soon as possible by foreclosing the tax on the same: Therefore, be it resolved, that the judiciary committee, in connection with the City Counselor, be authorized to foreclose the same on said property in the courts."

Ward v. City of Alton.

That in pursuance of said resolutions the several suits mentioned in the aforesaid fee bills were afterward instituted in the City Court of Alton to the September term thereof, A. D. 1882, by the State's Attorney of Madison County and the City Counselor of the City of Alton; that the fees mentioned in said fee bills were occasioned by and on behalf of the complainants in said suits by the institution and during the pendency thereof; that Patrick Ward (the appellant) was at the time of the institution and during the pendency of said suits the clerk of said City Court of Alton, and as such clerk lawfully entitled to said fees; that the fees mentioned in said fee bills and due him as such clerk, amount in the aggregate to the sum of $407.85, and that said suits were dismissed by the complainants therein, at the February term, 1886, of said court, before decree in any of said suits. A demurrer was then filed to the declaration, and to bring the question fully before the court upon the merits a stipulation by the parties was filed, setting forth " that for the purposes of said demurrer it shall be considered that the declaration contains, instead of the common counts, a special count, wherein the matters and things mentioned in said bill of particulars are fully and properly pleaded, so that the court may pass upon the legal merits of the case without regard to technicalities, and that in case of an appeal or writ of error it shall not be necessary to copy into the transcript of the record all of the fee bills mentioned in said bill of particulars, but that any one of them may be inserted in said transcript as a sample of the others." The demurrer to the declaration under this stipulation was sustained, and the plaintiff below electing to abide by his pleading the court rendered judgment for costs against him and he appealed.

Messrs. WISE & DAVIS, for appellant.

Mr. ALEXANDER W. HOPE, for appellees.

PILLSBURY, J. The suit wherein the appellant earned the fees claimed in this case was instituted under Sec. 253 of the

Revenue Code which provides that: "The taxes upon real property, together with all penalties, interests and costs that may accrue thereon, shall be a prior and first lien on such real property, superior to all other liens and incumbrances, from and including the first day of May in the year in which the taxes are levied until the same are paid; which lien may be foreclosed in equity in any court of competent jurisdiction, in the name of the people of the State of Illinois, whenever the taxes for two or more years, upon the same description of property, shall have been forfeited to the State." The second paragraph of Sec. 5, Chap. 14, R. S., imposes the duty upon the State's Attorney of prosecuting all actions and proceedings for the recovery of debts, revenues, moneys, fines, penalties and forfeitures accruing to the State or his county or any school district or road district in his county. Under this provision of the statute the State's Attorney is the proper officer to file the bill to foreclose the tax lien under Sec. 253, and undoubtedly it is his duty to do so, when it shall be known to him that the taxes upon any tract of land in his county have not been paid and the land has been forfeited for such nonpayment for two or more years. It is equally his duty to guard the public interests in this respect as it is in any other matter, criminal or otherwise, committed to him as the law officer of the people.

Mix v. The People, 116 Ill. 265, is in point that such would be his duty, and in case he is absent or unable to attend or is interested in such cause, the court should, as in other cases, appoint some competent attorney to represent the people.

While the primary duty of prosecuting such action is cast upon him, the collection of the public revenues is of such vast importance to the State and all its political subdivisions, that the Legislature has seen proper to also impose the duty upon the County Board of taking all proper measures that may be necessary to enforce the collection of all taxes charged upon the State assessment. Sec. 34, Chap. 34, R. S. Under this provision if the State's Attorney should neglect to perform his duty in foreclosing such lien, the County Board could order such proceeding commenced by him, and if for any reason he

Ward v. City of Alton.

could not properly prosecute it, measures could be taken by the Board to call into exercise the power of the court to appoint some other attorney to prosecute such case.

But whether commenced by the State's Attorney upon his own motion, or by order of the County Board, the bill must be filed in the name of the people of the State of Illinois as complainants, for such is the clear command of the statute; and although the State's Attorney as a public prosecutor, or the County Board as one of the political agencies of the State may, in the performance of a public duty, be the moving cause of the institution and prosecution of such cause, they do not thereby become a party to the record. They are the mere public agents of the State when acting in its behalf and in the name of the people. A county, city, town, school district, or other municipal corporation, may, by virtue of Sec. 230 of the Revenue Code, bring an action of debt in its own name for the amount of the tax on forfeited property due to it, but when the whole amount of the tax due is sought to be collected from the owner of the land by an action of debt given by the same section, the suit is to be instituted by the County Board, and in the name of the people of the State.

We have been referred to no provision of the statute empowering any political subdivision of the State in its corporate capacity other than County Boards, to order proceedings in the name of the people for the collection of the entire taxes, both general and local, due upon forfeited real estate. The County Board seems to be the only political agency thus authorized to act for and on behalf of the people and in their name to enforce the revenue laws.

If any other municipal corporation can avail itself of the remedy given by Sec. 253 by its own action, it, at most, could only proceed for the collection of the taxes due to it from such forfeited property.

The bill to foreclose such lien in the present case being filed on behalf of and in the name of the people, it should appear before they be held liable for the payment of costs, that there is some express provision of the statute requiring such payment if unsuccessful.

Sec. 17 of the Costs Act, Chap. 33, R. S., provides that, "in all suits and actions commenced or to be commenced for and on behalf of the people of this State, or the Governor thereof, or for or on behalf of any county of this State, or in the name of any person for the use of the people of this State, or any county, then and in every such case, if the plaintiff shall recover any debt or damages in such action or suit, the plaintiff shall recover costs as any other person in like cases; but if such plaintiff suffer a discontinuance, or be non-suited or non-pros'd, or verdict pass against such plaintiff, the defendant shall not recover any costs whatever. Nothing in this section contained shall extend to any popular action, nor to any action to be prosecuted by any person in behalf of himself and the people, or a county, upon any penal statute." As the proceeding instituted to foreclose the tax lien did not come within the exception to this section of the statute, the people and the county are exempt by it from the payment of costs, unless there be some special provision of the statute imposing the payment of costs in suits of this character.

This liability, it is claimed, rests upon the county by virtue of Sec. 35 of Chap. 34, entitled "Counties," which declares that "execution shall not in any case issue against the lands or other property of a county; but when judgment is rendered against a county, the County Board shall direct an order to be drawn on the County Treasurer for the amount of the judgment and costs, which order shall be paid as other county debts."

Any seeming conflict between this section and section 17 of the Costs Act, that might arise in a suit brought by a county relating to matters of local concern, and in which the county may be alone interested, does not arise in this case. As we have said, the county was not and could not be a party complainant in the suit in which appellant earned the fees sued for in this case, and no judgment could be rendered against it in that suit for the payment of either debt, damages or costs.

It was held, in the People ex rel., etc., v. Emigh, 100 Ill. 517, that a judgment for costs against a county in a proceeding by the collector to obtain judgment for delinquent taxes which

was dismissed for want of prosecution was erroneous, because the county was not a party to the record, and we do not perceive why the principle there announced does not apply in this case.

The county, as we think, when acting as a public agency of the State in commencing proceedings for the collection of the general and local taxes assessed in the name of the people of the State of Illinois, comes within the provisions of the said Sec. 17 of the Costs Act, and is not liable for costs, although interested in common with the State and with other municipalities in the collection of such taxes, and it is only when acting in its own corporate name in suits brought by or against it which it is prosecuting or defending in its own interest, and for the benefit of the people of the county, that Sec. 35, above referred to, can be held to apply, as it is in such cases only that a judgment can be rendered against a county.

If we desired to place the decision of this case upon technical grounds, which we are not disposed to do, as clearly indicated by what we have already said, we should reach a like conclusion that the county is not liable. The resolution of the County Board is a mere request that the City of Alton would proceed at once and foreclose the tax lien upon the land forfeited to the State, and in no sense can such a *request* be construed into a proper exercise of the power invested in the Board to *order* the commencement of a suit to enforce such lien, by virtue of its general authority conferred by Sec. 34 of Chap. 34, R. S.

The resolution of the City Council does not refer to this action of the County Board, but indicates independent action upon its part, as it only authorizes the judiciary committee, in connection with the City Counselor, to foreclose such lien. The suit was then instituted by the State's Attorney of Madison County and the City Attorney of Alton, and as we have seen that the State's Attorney was the only proper law officer to commence such suit in the absence of an order of the County Board, the institution and prosecution of the cause must rest upon his statutory authority alone. If this be correct it is not contended that the County of Madison would be liable for the

fees of appellant. In any view of the case we are of the opinion that the judgment of the court below in favor of the defendants was right, and it will be affirmed.

*Judgment affirmed.*