Charles D. Babcock, Administrator of the Estate of Margaret Ann Babcock, Appellant, v. John V. Farwell, Francis C. Farwell and Arthur L. Farwell, Executors of the Estate of John V. Farwell, Deceased, et al., Appellees.

## Gen. No. 21,956.

1. COSTS, § 6*—*how taxable.* Costs are taxed against the losing party unless some good, sufficient and equitable reason exists for apportioning them.

2. COSTS, § 4*—*when discretion of court in taxing costs not interfered with.* In the absence of abuse of discretion of the trial court in deciding which party should pay the costs, its judgment will not be interfered with on appeal.

3. COSTS, § 19*—*when not apportioned.* Where charges of fraud, upon which an action is based, are unwarranted and baseless, costs necessarily incurred in refuting them will not be apportioned between the unsuccessful plaintiff and the defendant.

4. COSTS, § 2*—*when party advancing costs entitled to taxation thereof in his favor.* A party who has advanced to officers engaged in a suit costs due and taxable in their favor is entitled to be reimbursed for such advances as costs due him in the cause.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed May 29, 1916. Petition for *certiorari* dismissed.

KRAUS, HOLDEN & LAWLESS, for appellant.

M. PAUL NOYES and HORACE KENT TENNEY, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

When this cause was before this court on a writ of error, the decision of which is reported in 189 Ill. App. 279, it was ordered that the decree of the Circuit Court be reversed and the cause remanded to the Circuit Court with directions to that court to dismiss the bill for want of equity.

In obedience to this mandate the Circuit Court dismissed complainant's bill for want of equity at complainant's costs and settled the amount of the costs in that decree. This appeal presents for the consideration of the court only the question whether the court in the exercise of the discretion reposed in it by law abused such discretion in directing that complainant pay all the costs of the cause.

For a statement of the facts involved and the nature of the litigation between the parties in the case at bar, we refer to *Babcock v. Farwell, supra,* a preceding case between the same parties reported in 146 Ill. App. 307, and the same case on further appeal in 245 Ill. 14. An earlier case, in a foreign jurisdiction, involving substantially the same contention, is *Farwell v. Babcock,* 27 Tex. Civ. App. 162.

Complainant impugned the conduct and actions of all the parties in these several cases and charged fraud in fact as well as fraud in law. These charges involved the dead and the living alike and were persisted in for years, but none of them was ever sustained. The

findings and rulings of the courts in the several jurisdictions where the cases were brought were uniformly against complainant, all the charges of fraud preferred failed, and in the instant case complainant did not seek a review of the rulings of the chancellor touching the averments of fraud in the bill.

Complainant injected into the case a phase with which he was not concerned, viz., an accounting between the company defendant and the so-called syndicate. In the teeth of the fact that appropriate litigation between the company and the syndicate was pending in the Federal Court sitting in the City of Chicago, complainant insisted on the taking in the case at bar of the account involved in the Federal Court suit between the company and the syndicate. A large part of the costs involved in this appeal was contracted in an attempt to state such an account before the master. At the instance of complainant depositions were taken both in Texas and in London, England, and the defendants were thereby put to large expense and much inconvenience. Complainant cannot now be heard in his contention that he proceeded in the honest belief that he had legal right to do so. In the condition of this record he is presumed to have proceeded at his peril, with the knowledge that he was without legal right in so proceeding, as this court decided in 189 Ill. App. 279. He cannot now escape the consequences of his mistaken insistence. It was the action of complainant which caused defendants to proceed with the accounting, and their judgment in not suspending action during the pendency in this court of the writ of error, which challenged the action of the chancellor in allowing an accounting on the insistence of complainant, is not now open to challenge or attack by complainant.

It is well settled that costs are taxed against the losing party unless some good, sufficient and equitable reason exists for apportioning them; and unless it can be said that the court abused a sound discretion which

the law reposes in it in deciding which of the parties shall be compelled to pay the costs, a court of review will not interfere with the trial court's judgment.

The charges of fraud against which defendants were compelled to defend themselves were unwarranted and baseless, and it would therefore be inequitable to compel them to pay any part of the costs necessarily incurred in refuting such charges. In making such proof defendants did not act upon their own volition, but by compulsion of complainant. We think the observations in 11 Cyc. 35, are peculiarly pertinent to this case, viz.:

"The general rule that costs follow the result of the suit will not be departed from where the conduct of the losing party has been the chief cause of a large accumulation of costs."

We think the rule stated in Daniel's Chancery Pl. & Pr. (6th Am. Ed.) 1399, is also in point:

"As the court will not tolerate fraud in any form, so will it discountenance a groundless allegation of fraud in a bill or other pleading; and upon this principle it is that the rule has been established that where the bill claims on the ground of fraud, an order of dismission shall be with costs; and a party introducing unfounded charges of fraud will be made to pay the costs occasioned thereby, though he may be successful in the suit, or the other party may have acted in such manner as to give reasonable grounds of suspicion; and for the application of this principle, it is not necessary that the word 'fraud' should be made use of; a substantial imputation of it is sufficient." *Fisher v. Boody,* 1 Curt. 206.

While the amount of the master's fee, the stenographer's fees and the fee of the guardian *ad litem* is questioned, there is no evidence in the record on the part of the complainant as to the amount which in his judgment should have been fixed, and we are unable to discover that the amount fixed violates any rule of law. Taking into consideration the extent and nature

of the services necessarily rendered by the guardian *ad litem,* we are of the opinion that the amount allowed him is reasonable. Counsel for complainant in their reply brief argue: "To repeat and insinuate that wanton and reckless charges of fraud were made the basis of a 'wholly unfounded' and 'unrighteous' action, and that complainant was reckless in proceeding, *together with the defendants,* to offer evidence in this action *on the merits,* while *all* parties to the Federal Court suit left it absolutely dormant, is plainly unfair."

To their conclusion of unfairness we are not prepared to accord our assent. Nor do we yield our assent to the following argument: "Charges of bad faith, consciousness or even suspicion that there was not ample authority to support the course of the complainant are most strongly resented as gratuitously and disingenuously insulting."

However, we can regard as more pertinent and reasonable, all the facts of the case considered, the argument of counsel for The Capitol Freehold Land and Investment Company, Limited, that "when this court considers, as it rightfully should and as the chancellor below undoubtedly did, the many thousands of dollars of expense caused the Company by the complainant in the past seven years of this unrighteous litigation, for the fees and traveling expenses, both in this country and in England, of its solicitors, unfortunately not taxable under our practice in cases of this character, and for the fees and expenses of witnesses including two who came here from England, the aggregate of $691.27 taxed as the Company's costs herein represents but a pitiably small return for the annoyance and expense to which it has been so wrongfully subjected."

We also feel that the observation of the court in *Donham v. Joyce,* 257 Ill. 112, that "when a litigant thus piles up costs in a fruitless effort to defend that

which is indefensible, and for no apparent reason other than the luxury of a lawsuit, it is no hardship to require him to pay the expenses of his diversion,'' is peculiarly appropriate to the situation disclosed by the record.

Counsel for complainant urged upon this court in argument in their initial brief, without warrant and contrary to the record, that the stenographer's fees could not be taxed as costs because the master had failed to certify, as required by statute, to the necessity of such stenographer's services. They also failed to abstract the master's certificate certifying to the necessity of such stenographer's services. Counsel for defendants, however, suggested a diminution of the record in this regard and procured leave of court to supply the omission. It then appeared, contrary to the representations of counsel for complainant, that the master had made the statutory certificate. Thereupon counsel for complainant filed an amendment to their brief by withdrawing therefrom these words:

''But the Master does not certify that a stenographer 'was necessarily employed,' nor was there any reason for including 'as a part of such Master's fees a reasonable allowance not to exceed fifteen cents per hundred words where the Master shall certify that a stenographer was necessarily employed, and shall attach to his report a certified copy of the testimony taken by such stenographer.'    *    *    *

''The Master does not, as shown, state that he necessarily employed a reporter. He makes no such certificate as the statute allows.''

The attempt following this withdrawal to escape the effect of the master's certificate we think lame and impotent.

Costs as such are taxed between the parties. It seems to us a novel attitude for complainant to assume, on the theory that the claim for costs had been satis-

fied, that because costs have been advanced and paid by the parties to the several officers to whom the costs were due, therefore there should be no order that complainant reimburse defendants for the costs so advanced. The costs decreed are costs in the cause, and while due primarily to the officers in whose favor the costs might in the first instance be taxed, still such costs, when advanced by the parties, are properly taxable as such, and the parties advancing the same are entitled to be reimbursed for such advances as costs due them in the cause.

The judgment of the Circuit Court appealed from being without error is affirmed.

*Affirmed.*