**John Stelk, Individually and as Trustee, Complainant, v. Sophie, also known as Sophie Hoff, et al., Defendants.**

**Emil M. Weber, Individually and as Successor in Trust (Cross Complainant), Appellee, v. John Stelk, Individually and as Trustee (Cross Defendant), Appellant.**

## Gen. No. 24,951.

1. MORTGAGES, § 657*—*who liable for costs on foreclosure as being unsuccessful party.* On proceedings to foreclose a trust deed in which a cross-bill to foreclose another trust deed is filed, where the decree directs the sale of the property, giving priority to cross complainant's lien, the owner of the property is the unsuccessful party and costs should be taxed against her.

2. MORTGAGES, § 658*—*construction of foreclosure decree as to costs.* A decree in foreclosure which directs that, out of the proceeds of the sale, the master "shall retain his fees, disbursements and commissions, and see that all unpaid costs are paid to the persons entitled to receive the same," and then directs the order

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Stelk v. Hoff, 216 Ill. App. 249.

of distribution, is to be construed as requiring that all costs be paid, including those advanced by a party whose lien was postponed to that of another party, before the proceeds are distributed among the lienholders.

Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Reversed and remanded with' directions. Opinion filed December 31, 1919.

G. A. BURESH, for appellant.

MATTHEW P. BRADY, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This appeal is from an order overruling exceptions to a master's report of sale and distribution under a decree of foreclosure, and merely calls for construction of that part of the decree directing the master to make distribution, which reads:

"Out of the proceeds of sale he shall retain his fees, disbursements and commissions, and see that all unpaid costs are paid to the persons entitled to receive the same."

Immediately following such direction are directions in the usual form to pay as far as the proceeds will reach, first, the amount found due to appellee Weber, the cross complainant, under his trust deed, and then the amount found due to appellant Stelk, the complainant, under his trust deed.

The owner of the property conveyed by the trust deeds was Sophie Hoff., The original bill was filed to foreclose appellant's trust deed, and the cross-bill to foreclose appellee's. The decree recognizes the equities of both so far as the right of each to foreclose is concerned, but gives priority of lien to appellee.

Out of the amount realized from the sale the master retained his fees, disbursements and commissions incident to the sale and subsequent proceedings, and paid the balance to appellee, which was just sufficient to

cover the amount found due to him, together with his appearance fee and the amount of his solicitor's fees. The master further reported the amount due appellant and the sum of $317.50 for costs and master's fees and expenses advanced by him on the reference. This amount is also embodied in the clerk's bill of costs.

It is unquestioned that unless costs are otherwise apportioned under the discretionary power of the chancellor, they should be taxed against the unsuccessful party, who, in this case, so far as the primary object of both bill and cross-bill is concerned, was Sophie Hoff, and the decree directed the sale of the property on her failure to pay both appellee and appellant the sums due them respectively, and, as the decree recites, "also the cost of this suit, including the master's fees on the reference herein, which fees are taxed at the sum of $232, and stenographer's fees which are hereby taxed at $60." As we construe the decree it contemplated that if Sophie Hoff did not pay the taxed costs they should be paid out of the proceeds of sale before satisfying any part of the amount decreed to be paid to either appellee or appellant. While the decree might have been more specific and required that appellant and appellee should first be reimbursed for costs advanced by them respectively, yet we find nothing in the decree that justifies a different intent. It was said in *Babcock v. Farwell*, 199 Ill. App. 512:

"The costs decreed are costs in the cause, and while due primarily to the officers in whose favor the costs might in the first instance be taxed, still such costs, when advanced by the parties, are properly taxable as such, and the parties advancing the same are entitled to be reimbursed for such advances as costs due them in the cause."

That language is appropriate to the case at bar. The provision of the decree calling for construction directs the master to see that all "unpaid costs" are paid "to the persons entitled to receive the same." They have not been paid by the unsuccessful party,

Sophie Hoff, against whom they are taxed, and if not paid by her, who, if not the person advancing them, was entitled to receive the same? The costs so advanced by appellant, namely, costs of publication and clerk's, sheriff's and master's fees, were as necessary to the establishment of appellee's as appellant's claim.

The mere fact that appellee's lien was prior to that of appellant's furnishes no reason for satisfying appellee's lien before payment of costs taxed not against appellant but against the owner of the property out of which the liens of both appellant and appellee were decreed to be satisfied. We find nothing either in the language of the decree quoted, or any part of it, that justifies a different construction. We think the master should have first paid all the costs including those advanced by appellant before satisfying the amount found due under the respective deeds, and we so construe the language above cited, either when taken alone or in connection with every other part of the decree. Accordingly the order sustaining the master's report of distribution will be reversed with directions to proceed in conformity with the views expressed in this opinion.

*Reversed and remanded with directions.*