**The People's Gas Light and Coke Company, Appellant. v. Harry R. Gibbons, County Treasurer, Appellee.**

## Gen. No. 25,427.

1. COSTS, § 3*—*when allowance of costs is erroneous.* Hurd's Rev. St. ch. 33, secs. 7, 17 and 18 (J. & A. ¶¶ 2721, 2731, 2732), in relation to costs, and chapter 34, secs. 33, 34 (J. & A. ¶¶ 2780, 2781), in relation to counties making it the duty of county boards to take measures for prosecuting and defending suits for or against counties, and chapter 36, sec. 35 [Callaghan's 1916 Stat. ¶ 2920(19).], being that portion of the County Treasurer's Act applicable to Cook county, in force July 1, 1915, considered in an equity case against the Cook county treasurer to enjoin the collection of taxes in

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

excess of a stated amount, in which judgment for costs against the treasurer in his official capacity was denied; and held that the court abused the discretion vested in it by virtue of said section 18 of the Costs Act in not awarding costs to complainant, where the facts disclosed that complainant was compelled to pay master's fees and other costs in order to be relieved from an arbitrary, excessive and fraudulent assessment made by the State Board of Equalization.

2. COUNTIES, § 66*—*when county is liable for expenses of treasurer.* The word "expenses" in Hurd's Rev. St. ch. 36, sec. 35 [Callaghan's 1916 Stat. ¶ 2920(19)], being that portion of the County Treasurer's Act applicable to Cook county, in force July 1, 1915, wherein it is provided that all reasonable expenses incurred by the county treasurer in prosecuting or defending suits brought by him in any official capacity shall be paid out of the county treasury, when read in connection with the second clause of chapter 34, sec. 33 (J. & A. ¶ 2780), was broad enough to include costs involved in a chancery case against the Cook county treasurer in his official capacity, for relief against an arbitrary, excessive and fraudulent assessment made by the State Board of Equalization.

3. COSTS, § 4*—*what is nature of discretion in allowing costs.* The discretion of the chancellor in taxing or apportioning costs is a legal discretion, to be exercised according to equitable principles, otherwise it is a subject for review.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Reversed and remanded with directions. Opinion filed October 13, 1920. *Certiorari* denied by Supreme Court (making opinion final).

COOKE, SULLIVAN & RICKS, for appellant; EDWIN HEDRICK and HOMER D. DINES, of counsel.

MACLAY HOYNE and W. W. DEARMOND, for appellee; ALFRED S. AUSTRIAN, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from an order or decree of the circuit court of Cook county denying appellant's motion

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for a judgment for costs against appellee, in his official capacity, in the sum of $20,249.90.

The State Board of Equalization in 1909 assessed the capital stock of The People's Gas Light & Coke Company, appellant, at $12,314,226, upon which valuation a tax of $550,445.90 was extended. On February 28, 1910, appellant filed its bill of complaint in the circuit court of Cook county against John R. Thompson, then County Treasurer of Cook county and Ex-officio Collector of the Town of South Chicago, to enjoin the collection of all of this tax in excess of $300,000, upon the ground that the assessment was fraudulent, excessive and not uniform with the assessment of other property throughout the State. A temporary injunction in accordance with the prayer of the bill was granted upon payment of $300,000 to the treasurer. An answer was filed denying that appellant was entitled to the relief demanded. Subsequently, the term of office of John R. Thompson having expired, his successor, William L. O'Connell, was substituted as defendant, and the cause was referred to a master in chancery who afterwards made a report recommending a decree making the temporary injunction permanent, and that the costs of the proceeding be taxed in favor of the appellant. The master's certificate of charges discloses that the evidence taken before him covered 34,133 folios and that he devoted 170 days to the hearing of the evidence and in the consideration of the case. For his services and those of a stenographer the court allowed the master $20,239.90, which appellant was obliged to advance and pay, and did pay, before it could obtain a hearing by the court, and which, with the fee paid to the clerk of the court upon the filing of the bill, made a total of $20,249.90, costs. On August 20, 1917, the court overruled most of the defendant's exceptions to the master's findings of fact, and partially sustained others, but sustained exceptions

to the legal conclusions and entered a final decree dismissing appellant's bill for want of equity. In the meantime Henry Stuckart had been substituted as defendant in lieu of William L. O'Connell, whom he succeeded in office. Before said final decree was entered, Stuckart, defendant, by a solicitor in the employ of the County of Cook, filed suggestions of damages, claiming that by reason of the wrongful suing out of the temporary injunction the County of Cook had sustained damages in the total sum of $122,364.87, and praying that said damages might be assessed to him, Stuckart, for the benefit of said County of Cook, against appellant. Upon the hearing on said suggestions there was testimony given by said solicitor to the effect that the County of Cook had paid him the sum of $14,722, for his services in defending the cause on its merits before the master, but that no part of it was for services in obtaining a dissolution of the temporary injunction. The court found on said final decree that "The Board of County Commissioners of Cook County" had employed said solicitor to represent said defendant, "the County Treasurer and Ex-officio County Collector of Cook County," and that said board had paid to said solicitor the sum of $14,722 for legal services rendered in said proceedings, but the court further found that the defendant was not entitled to recover from appellant any of the damages claimed.

From said decree dismissing its bill for want of equity, appellant appealed to the Supreme Court of Illinois. That court reversed the decree and remanded the cause to the circuit court with directions to enter a decree in conformity with the prayer of the bill. (*People's Gas Light & Coke Co. v. Stuckart*, 286 Ill. 164, 179.) In the opinion of the Supreme Court, filed December 18, 1918, it is said (p 177):

"The State Board of Equalization has the duty of equalizing the valuation of property as listed and as-

sessed in the different counties of the State in accordance with the provisions of the Revenue Act. It is also an assessing body, whose duty it is to assess, among other things, the capital stock of certain corporations, and it has the power to adopt rules for that purpose, which it is bound to adhere to 'and faithfully apply in all cases where they are applicable. An assessment arbitrarily made by the board in disregard of its own rules for ascertaining the value of the capital stock of corporations cannot be sustained. * * * The board of equalization which made this assessment was bound to make it according to law and the rules which it had promulgated for assessing the capital stock of corporations. It did not do so but knowingly and intentionally disregarded its rules completely, making no pretense of applying them in the great majority of cases and making its valuations in the individual cases according to its will without reference to the rules, instead of according to its judgment with reference to the rules. The appellant was knowingly and intentionally discriminated against and the result was a fraud upon it. The assessment cannot be sustained.''

After the mandate of the Supreme Court had been filed in the circuit court, Harry R. Gibbons, as County Treasurer and Ex-officio Collector, was, by order of the circuit court, entered March 10, 1919, substituted as defendant in lieu of Henry Stuckart, whose term of office had expired. Subsequently appellant moved the court for a decree in accordance with said mandate, and also for judgment in its favor and against Harry R. Gibbons, ''County Treasurer of Cook County and Ex-officio Collector of the Town of South Chicago,'' for the costs expended by it in said sum of $20,249.90, and on May 22, 1919, the court entered a decree perpetually enjoining the collection of the ''balance of the said taxes extended upon the assessment made by the said State Board of Equalization against the complainant on account of its capital stock, including

franchise, the said balance of said taxes remaining unpaid being the sum of $250,445.90," but the court denied appellant's motion for judgment for said costs, although the court found that the suit was defended by the defendant, Harry R. Gibbons, in his official capacity as County Treasurer and Ex-officio Collector as aforesaid, and that counsel representing the County Treasurer in defending said suit were employed by said County of Cook. From the order and decree denying its motion for judgment for costs, appellant prayed and perfected this appeal.

The sole question here presented is whether the circuit court erred in not adjudging said costs against the appellee, as County Treasurer of Cook County, Illinois, and Ex-officio Collector of the Town of South Chicago. Counsel for appellant do not contend that appellee, as an individual, should be required to pay said costs, but that a judgment therefor should have been rendered against him in his official capacity, and the burden thereby be imposed upon the County of Cook, where, as counsel argue, it rightfully belongs.

In *Goudy v. Mayberry,* 272 Ill. 54, 58, it is said:

"At common law costs were unknown. Their allowance and recovery rest entirely upon statutory provisions, and no liability for costs exists in the absence of statutory authorization. * * * Judgments for costs resting on statutes cannot be awarded unless they have been authorized in this State by the legislature. * * * Under the authorities in this State even a court of chancery has no general power to award costs unless authorized by statute. * * * Unless the statute clearly gives the authority to tax costs they will not be allowed, as such statutes are penal in their nature and have always been strictly construed."

It is provided in sections 7, 17 and 18 of the Acts in relation to costs (chapter 33, Hurd's Rev. St., J. & A. ¶¶ 2721, 2731, 2732) as follows:

"Sec. 7. If any person shall sue in any court of this State in any action, real, personal or mixed, or upon

any statute, for any offense or wrong immediately personal to the plaintiff, and shall recover any debt or damage in such action, then the plaintiff or defendant shall have judgment to recover costs against the defendant, to be taxed, and the same shall be recovered, together with the debt or damages, by execution, except in cases hereinafter mentioned.''

''Sec. 17. In all suits and actions commenced or to be commenced for and on behalf of the People of this State, or the Governor thereof, or for or on behalf of any county of this State, or in the name of any person for the use of the People of this State, or any county, then and in every such case, if the plaintiff shall recover any debt or damages in such action or suit, the plaintiff shall recover costs as any other person in like cases; but if such plaintiff suffer a discontinuance, or be nonsuited or non-pros'd, or verdict pass against such plaintiff, the defendant shall not recover any costs whatever. Nothing in this section contained shall extend to any popular action, nor to any action to be prosecuted by any person in behalf of himself and the People or a county, upon any penal statute.

''Sec. 18. Upon the complainant dismissing his bill in equity, or the defendant dismissing the same for want of prosecution, the defendant shall recover against the complainant full costs; and in all other cases in chancery, not otherwise directed by law, it shall be in the discretion of the court to award costs or not; and the payment of costs, when awarded, may be compelled by execution.''

It is provided in sections 33 and 34 of the Act in relation to counties (chap. 34, Hurd's Rev. St., J. & A. ¶¶ 2780, 2781) as follows:

''Sec. 33. It shall be the duty of the county boards of each of the counties of this State to take and order suitable and proper measures for the prosecuting and defending of all suits to be brought by or against their respective counties, and all suits which it may become necessary to prosecute or defend to enforce the collection of all taxes charged on the State assessment.

"Sec. 34.   Execution shall not, in any case, issue against the lands or other property of a county; but when judgment is rendered against a county, the county board shall direct an order to be drawn on the county treasurer for the amount of the judgment and costs, which orders shall be paid as other county debts."

Counsel for appellant contend that, inasmuch as the costs here in question accrued in a chancery case, and as by the second clause of section 18 of the Costs Act there is statutory authority for the awarding of said costs in the court's discretion, the court abused its discretion in not adjudging said costs against appellee in his official capacity.   Counsel cite the case of *Keller v. Bading*, 169 Ill. 152, where the claim asserted by defendants rendered the filing of the bill necessary, and defendants actively contested the right of complainants to have the decree which was finally entered, and the costs were taxed against defendants; also the case of *Babcock v. Farwell*, 199 Ill. App. 512, 515, where it is said: "We think the observations in 11 Cyc. 35, are peculiarly pertinent to this case, viz.: 'The general rule that costs follow the result of the suit will not be departed from where the conduct of the losing party has been the chief cause of a large accumulation of costs.' "

Counsel for appellant argue, in substance, that the record discloses that the County Treasurer defended the present action for and on behalf of the County of Cook, or, to be more accurate, the County Treasurer was the nominal defendant and the County of Cook in fact defended the suit; that by various statutes it is contemplated that a county shall pay the costs of a suit the same as an individual where it makes an unsuccessful *defense* thereto, although, under section 17 of the Costs Act, above set forth, it is not liable for costs where it is defeated in a suit brought by it or for or on its behalf; that, when the bill in the present

case was filed, it was the duty of the County of Cook, under the provisions of said section 33 of the Act in relation to counties, to take whatever steps were necessary to defend the action; that it necessarily follows that for all expenses incurred in taking such steps through the County Treasurer, in his official capacity, the County of Cook is liable; and that, the County Treasurer having unsuccessfully defended the action, a judgment for the costs in question should have been rendered against him in his official capacity, and it then would have been the duty of the county board, under the provisions of sections 33 and 34 of said Act in relation to counties, to provide for the satisfaction of said judgment. In support of their argument counsel cite the cases of *Drake v. Phillips,* 40 Ill. 388; *People ex rel. Commissioners of Highways v. Board of Supervisors,* 23 Ill. App. 386 (affirmed 125 Ill. 334), and *Christian County v. Rockwell,* 25 Ill. App. 20.

In the *Drake* case, a bill for an injunction was brought by taxpayers against the town collector, Drake, and the Town of Delevan to restrain the collection of an illegal tax, which had been levied in pursuance of a resolution passed at a town meeting, and which had been extended on the collector's books, and he was about to proceed to collect the same. A temporary injunction was granted and on the hearing the injunction was made perpetual and a judgment for costs was rendered against the collector and the town. The Supreme Court sustained the injunction but modified the judgment as to costs, saying (p. 395): "Inasmuch as the collector has done no act for which he should be compelled to pay costs, he should not be decreed to pay such as had accrued in this proceeding. He was simply the ministerial officer of the town to whom the warrant was directed, regular on its face, and which he was to collect or not at his peril. Until he enforced collection under his warrant he had done no act injurious to the taxpayers of the town. The

decree of the court below making the injunction perpetual is affirmed, as well as that portion of the decree which requires the costs to be taxed against the town; but it is modified so as to relieve the collector from the payment of costs." In the case of *People ex rel. Commissioners of Highways v. Board of Supervisors, supra,* the commissioners of highways of a town filed a petition, in the name of the People, for a mandamus against the Board of Supervisors of Madison County to compel the members of the board to make an appropriation of money to aid in the building of a bridge. Upon the trial the jury, by direction of the court, returned a verdict in favor of the respondents, and judgment for costs was rendered against the People. The Appellate Court of the Fourth District said (23 Ill. App. 395): "The judgment is, however, erroneous in awarding costs against the people and ordering execution to issue therefor. The judgment will be affirmed and relators, in their official capacity, required to pay the costs." The Supreme Court, on appeal from said Appellate Court, affirmed the judgment, saying (125 Ill. 347): "The modification, by the Appellate Court, of the judgment of the circuit court in respect to costs, was clearly correct. The proceeding was begun and conducted by appellants, not as individuals, but in their official character of commissioners of highways, and appellee's costs, for which it was entitled to judgment, were properly made a charge upon relators in the capacity in which they sued." Counsel for appellee argue that this last-mentioned case is to be distinguished from the present case, for the reason that by section 6 of article 5 of the Act in relation to township organization (Hurd's Rev. St. ch. 139, J. & A. ¶ 11282) there was statutory authorization for the recovery of the costs there involved. Said section 6 provides: "In all suits or proceedings prosecuted by or against town officers, in their name of office, costs shall be recovered as in like cases between individuals.

Judgments recovered against a town or against town officers, in actions prosecuted by or against them, in their name of office, shall be a town charge, and when collected shall be paid to the person or persons to whom the same shall have been adjudged." In reply, counsel for appellant cite section 35 of chapter 36 (Hurd's Rev. St., Callaghan's 1916 Stat. ¶ 2920[19]), being that portion of the County Treasurer's Act applicable to Cook county, in force July 1, 1915, wherein it is provided that "all reasonable *expenses* incurred by the county treasurer in prosecuting or defending suits or actions brought by or against him in *any* official capacity shall be paid out of the county treasury." It would seem that the word "expenses" as here used, when read in connection with the second clause of section 33 of chapter 34 (act in relation to counties), above set forth, is broad enough to include the *costs* here involved, in a litigation based, as it is, upon an arbitrary, excessive and fraudulent, assessment made by the State Board of Equalization. In the case of *Christian County v. Rockwell, supra,* cited by counsel for appellant, suit was brought against the county to recover for professional services rendered by plaintiff as surgeon to an alleged pauper. There was a judgment for plaintiff for $50 and costs, which was affirmed by the Appellate Court for the Third District, the court saying in its opinion (25 Ill. App. 22): "It is objected that it was error to render a judgment against the county for costs. The section cited in support of this proposition, section 17, ch. 33, and the case referred to in the same connection, would be in point if this were an action in which the county sues as plaintiff. Where, however, the county is sued as defendant it is within the terms of section 7, and if the plaintiff recovers his debt or damages, he will also recover costs of suit."

Counsel for appellee, in commenting upon the provisions of sections 7, 17 and 18 of the Costs Act, argue

that "statutes awarding costs in general terms do not include municipal corporations or officers when prosecuting or *defending* as State agencies" and, in support of their argument, cite the cases of *People v. Pierce*, 6 Ill. (1 Gilm.) 553; *Attorney General v. Illinois Agricultural College*, 85 Ill. 516; *Ward v. City of Alton*, 23 Ill. App. 475. An examination of these cases discloses the fact that in none of them was the State or county *defending* an action; they were all cases where the State, or some one in its behalf, or a county, or some one in its behalf, *prosecuted* the action, and, under the provisions of section 17 of the Costs Act, upon an unsuccessful prosecution, there could be no recovery of costs. Counsel for appellee also cite a quotation from 5 Encyclopedia of Pleading and Practice, page 151, contained in the opinion of the Supreme Court in *Deneen v. Unverzagt*, 225 Ill. 378, 381, as follows: "At common law the rule was that the king should neither pay nor receive costs, as the former was considered his prerogative and the latter beneath his dignity; and the general terms of statutes giving costs did not include the sovereign. The same principle has been applied in this country in suits, either civil or criminal, in which the federal or State governments, including municipal corporations when acting as a State agency, are parties; and thus they are liable only in the event of express statutory provision, which however, is now quite general." In this *Unverzagt* case, *supra*, a judgment was rendered in the circuit court against a commission, created by act of the legislature to acquire property for the use of the State, for costs and attorneys' fees in a condemnation proceeding,—the commission having elected not to take the property condemned. The judgment was affirmed. It was argued that the judgment could not properly be rendered against the commission as it was in effect a judgment against the State, but the court held that there was no constitutional prohibition against a judg-

ment being rendered against the State for costs and that the State was in effect the petitioner in the condemnation proceeding and subject to the same liabilities as private parties seeking to take property under the Eminent Domain Act.

Our conclusions are that there is sufficient statutory authority warranting the taxing of the costs here in question against the County Treasurer, etc., in his official capacity; that under all the facts disclosed by this record the appellant was equitably entitled to recover back said costs which it was compelled to expend in order to be relieved from the burdens imposed by an arbitrary, excessive and fraudulent assessment made by the State Board of Equalization; and that the circuit court abused the discretion vested in it by virtue of the provisions of section 18 of the Costs Act in not awarding said costs to appellant. In *Highley v. Deane,* 168 Ill. 266, 271, it is said: "The discretion of the chancellor in taxing or apportioning costs is a legal discretion, to be exercised according to equitable principles, otherwise it is a subject for review." (See also, *Hollingsworth v. Koon,* 117 Ill. 511, 521; *Rogers v. Tyley,* 144 Ill. 652, 666.)

Accordingly, that portion of the decree of the circuit court wherein the recovery by appellant of $20,249.90, as costs, was denied, is reversed, and the cause is remanded to the circuit court with directions to render a judgment or decree, in favor of appellant, against Harry R. Gibbons, as County Treasurer of Cook County, and Ex-officio Collector of the Town of South Chicago for $20,249.90, costs of suit.

*Reversed and remanded with directions.*

BARNES, P. J. and MATCHETT, J., concur.